UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANDTHONY RAY SPEARS, :
:
        Petitioner : CIVIL NO. 1:CV-17-0172
  vs. :
: (Judge Caldwell)
A. DOWLING, *et al.*, :
:
        Respondents :

*M E M O R A N D U M*

I. *Introduction*

On January 16, 2017, the pro se petitioner, Andthony Ray Spears, a state prisoner currently confined at the Benner Township State Correctional Institution in Bellefonte, Pennsylvania, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. (ECF No. 1, Pet.) In his Petition, Spears expresses his frustration with the state court's delay in the resolution of his Post-Conviction Relief Act Petition (PCRA), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq.* Spears specifically asks us not "to rule on the merits of his PCRA, [but rather,] only to enforce the Common Pleas Court of Dauphin County, via Judge Dowling, to do so in a timely manner." (ECF No. 1, p. 7).

Presently before us is Spears' April 1, 2017, letter seeking "to formally withdraw [his] habeas petition." (ECF No. 7). For the reasons set forth below, Spears' Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, really a petition for a writ of mandamus, will be deemed withdrawn.

II.  *Standard of Review*

The power of federal courts to issue writs of mandamus is defined by 28 U.S.C. § 1361, which provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency therefor to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.  Mandamus is a drastic remedy available only in the most extraordinary circumstances.  *See Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005).

III.  *Discussion*

"It is the nature of the document, rather than the label attached by the litigant, that controls." *Madden v. Myers*, 102 F.3d 74, 78 (3d Cir. 1996).  Here, Petitioner makes it clear that he is not asking the court to rule on the merits of his PCRA petition nor is he seeking § 2254 relief.  Instead, he is requesting that we direct the state court to address his pending PCRA petition.  Thus while Spears invokes habeas relief under § 2241, his petition is really one in mandamus.  Unfortunately, as Judge Dowling, a state court judge, is not an employee of the United States, we cannot provide Spears with the relief he seeks.

We observe that, if Spears wishes, he may file a habeas petition pursuant to 28 U.S.C. § 2254 challenging his conviction.  In that petition, he may argue that the state court's "inexcusable and inordinate" delay in resolving his PCRA petition should excuse his

obligation to exhaust his state-court remedies. We express no opinion on whether such an argument would be successful.

Given Spears' wishes to withdraw his 2241 petition, we will grant that request, without prejudice to his pursuit of other remedies.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 12, 2017